IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**
for the use and benefit of
**MCALLISTER CONSTRUCTION CO.,
LLC,** an Alabama limited liability company,

    Plaintiff,

vs.                                           CASE NO. 5:11-cv-100/RS-CJK

**DIVERSIFIED MAINTENANCE SYSTEMS
INC.,** a Utah corporation,

    Intervenor-Plaintiff,

vs.

**GREAT AMERICAN INS. CO., of NY,**
a New York corporation,

    Defendant.
_____

## ORDER

Before me are Intervenor's Motion for Summary Judgment (Docs. 29 & 30), Defendant's Motion for Summary Judgment (Doc. 31), and Plaintiff's Response in opposition (Doc. 35).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56 (c).  In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Analysis

This is a simple Miller Act case.  Intervenor, Diversified Maintenance Systems, Inc., ("DMS"), held a contract with the US Navy for work in Panama City, FL.  Defendant, Great American Insurance Company of New York ("Great American"), issued a payment bond pursuant to 40 U.S.C. § 3131 for that project.  DMS, a prime contractor, entered into a contract with Plaintiff as subcontractor.  Plaintiff was to furnish

management, labor, materials, and equipment necessary for the project.  Plaintiff claims that it completed, but has not received payment.  (Doc. 1, ¶1-17).

The relationship between the parties is governed by contract.  The contract between DMS and Plaintiff (Doc. 1, Exhibit B) contains an arbitration provision.   In relevant part it states:

> "In the event of disagreement between the parties over any matters arising out of the interpretation and/or enforcement of the terms of this Agreement or whatsoever nature, but not limited to, amounts of money allegedly owed by one party to another party which the parties have not resolved between themselves, either party shall select an arbitrator and give written notice thereof to the other party of the name and address of the arbitrator so chosen and describing the disagreement.  Within ten (10) days after such notification, the other party shall advise the former in writing of the name and address of an arbitrator chosen by it. The two party-appointed arbitrators shall select an additional neutral arbitrator, and the three arbitrators shall select a time and place in Utah, at which time and place both parties shall present their versions and contentions concerning the matters in dispute. The subsequent decision of the majority of the arbitrators shall be binding upon both parties. If for any reason any party fails to select an arbitrator within the time above provided, the arbitrator selected by the other party shall be the sole arbitrator and the decision of said arbitrator shall be binding upon both parties. … The decision of the arbitrators may be filed with the clerk of the Court which would have had jurisdiction over the parties or the subject matter if there had been no arbitration provision as set forth herein as a basis of judgment to be entered upon said decision or award. No party shall have recourse to the courts to settle any dispute or disagreement between the parties arising out of interpretation and/or enforcement of this Agreement without first having submitted the matter to arbitration as herein described, and then only to enforce the decision arrived at by the majority vote of said arbitrators. Pending final decision of any dispute, Subcontractor will proceed diligently in accordance with this Agreement."

On September 29, 2011, DMS gave notice to Plaintiff of arbitration. (Doc. 35, p.2). Arbitration was conducted on October 27, 2011. *Id*. Plaintiff did not participate in this arbitration and now claims that it was invalid.

Plaintiff asserts that DMS' intervention in this suit acts as a waiver of their right to arbitrate. (Doc. 35, p.4). Plaintiff claims "due to its prior conduct, DMS has settled on this forum and has elected against arbitration." *Id*. This claim is without merit. DMS' Motion to Intervene specifically makes mention of the arbitration provision. (Doc. 21, ¶3). The motion states that DMS "has commenced arbitration" and would abide by the decisions of the arbitrator. It also asserts that Plaintiff brought the suit to evade arbitration. *Id*. By notifying Plaintiff of its intention to arbitrate, it should have been obvious that DMS was not waiving its rights but was seeking to enforce them.

Because the contract clearly states that "no party shall have recourse to the courts to settle any dispute or disagreement between the parties arising out of interpretation and/or enforcement of this Agreement without first having submitted the matter to arbitration," the Motions for Summary Judgment (Docs. 29&31) are **GRANTED**. This case is dismissed with prejudice.

**ORDERED** on December 8, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**